| 218  | 513 |
| f218 | 515 |

## Ashman's Estate (No. 3).

*Practice, O. C.—Filing transcript in the common pleas—Jurisdiction of orphans' court.*

Where a party has filed with the prothonotary of the common pleas a certified transcript of balance due from an accountant in the orphans' court, the orphans' court is without jurisdiction to strike off the transcript from the records of the court of common pleas. The orphans' court may modify its own decrees determining the balance due from the accountant and any reduction in amount will be a limitation upon the right to recover under the transcript; but so far as the transcript is made a record of the common pleas, it is exclusively for that court to make any order affecting it.

Argued April 23, 1907. Appeal, No. 15, Jan. T., 1907, by George H. Ashman, from order of O. C. Huntingdon Co., striking off transcript in Estate of Mary Jane Ashman. Before FELL, BROWN, POTTER, ELKIN and STEWART, JJ. Reversed.

Rule to strike off transcript.
The opinion of the Supreme Court states the case.

*Error assigned* was the order of the court.

*L. H. Beers,* with him *H. H. Waite,* for appellants.

*John D. Dorris,* for appellee.

OPINION BY MR. JUSTICE STEWART, June 3, 1907:

The appellant was one of five distributees to whom was awarded by report of auditor, confirmed by the orphans' court of Huntingdon county, June 30, 1906, the balance ascertained to be due on the seventh account of Isaac Taylor, trustee of the estate of Mary Jane Ashman, deceased. On July 19, following, the appellant procured a certified transcript of the amount awarded him as one of the distributees, $11,156.08, and caused the same to be filed and docketed by the prothonotary of the court of common pleas of said county. The day following, July 20, 1906, he filed his appeal from the decree of the

court confirming the auditor's report. On December 5, 1906, the accountant presented his petition to the orphans' court setting forth that the transcript filed in the common pleas did not represent the true balance due appellant; that at the hear- ·ing before the auditor accountant had produced and left with the auditor receipts and vouchers for payments made to the appellant which, if credited, would reduce the actual amount due and owing to the sum of $125.12; that he was prevented from paying this balance by an appeal which had been taken from the decree of confirmation. The same day the court granted a rule upon the distributee to show cause why the transcript would not be revoked, and the entries made in the common pleas stricken out. The answer to the rule denied the facts set out in the petition, and the jurisdiction of the court as well. Testimony was taken and, after argument, the court made the rule absolute. The present appeal is from this order.

Whether the certified transcript in this case filed with the prothonotary accords with the requirements of the statute, is a matter about which we need not inquire. It is enough to know that when the orphans' court undertook by its order to strike it from the records of the common pleas, it was attempting to exercise authority where it had none. Whether sufficient or insufficient the transcript filed was beyond the reach of the orphans' court; that court did not send it into the common pleas, nor was it there filed with its leave. Any party in interest has a statutory right to file with the prothonotary a certified transcript of balance due from an accountant in the orphans' court; and while by the mere act of filing the tran- script does not become a judgment of the court, it does become a lien upon the accountant's real estate, and the basis for pro- ceedings in the common pleas exclusively. The orphans' court may modify its own decrees determining the balance due from the accountant, and any reduction in amount will be a limita- tion upon the right to recover under the transcript; but so far as the transcript is made a record of the common pleas, it is exclusively for that court to make any order affecting it. The orphans' court may under the statute certify to the common pleas that the whole balance has been paid by the accountant, and such certificate will have the effect to satisfy the lien;

but it cannot interfere with the claimant's right to proceed by scire facias to enforce his lien to whatever amount he is entitled to recover. Here it was not alleged that the whole balance had been paid; and for whatever balance remained, however small, the lien of the transcript remained in full force. The order of the orphans' court revoking the transcript in this case, and striking the entries made therefrom from the records of the court of common pleas, was unavailing and nugatory; the error in making it calls for reversal.

The appeal is sustained, and the order of the court is reversed.